# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO. 1:18-CV-1556 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **JEFFREY E. STRAWSER,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER AND DEFAULT JUDGMENT

AND NOW, this 10th day of January, 2019, upon consideration of plaintiff's motion for default judgment (Doc. 7) and documents filed in support thereof (see Docs. 1, 8, 9), to which there are no objections, it is hereby ORDERED as follows:

1. Plaintiff's motion for default judgment (Doc. 7) is GRANTED. Judgment is hereby ENTERED in favor of plaintiff, UNITED STATES OF AMERICA, and against defendant, JEFFREY E. STRAWSER, in the amount of $111,042.64, plus interest at the rate of $10.57 per day from March 21, 2018, to the date of any Marshal's Sale or other sale of property.

2. The promissory note and mortgage between plaintiff and defendant are foreclosed as to the real property located at 214 Ginger Lane f/k/a 125 Ginger Lane, Mifflintown, PA 17059. In accordance with Section 204(1) of the National Housing Act there is no right of redemption in the mortgagor or any other person.

3. The real property described therein shall be sold according to the following provisions:

    a. The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property specified in the mortgage between plaintiff and defendant for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001 within 180 days of the date of this order. Notice must be given, in accordance with 28 U.S.C. § 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county

and judicial district wherein the real estate is situated; plaintiff may advertise a short description of the property rather than a complete legal description.

b. Ten percent (10%) of the highest bid must be deposited in a certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder. The balance of the purchase money must be paid in certified check or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured. The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If plaintiff is not the successful bidder, plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

c. Plaintiff, United States of America, or its nominee is granted right of entry at reasonable times to the subject premises for purpose of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises.

d. Motion for Confirmation of the public sale shall be made by the Marshal or plaintiff to the court thirty (30) days after the date of sale.

4. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant to further order of this court.

5. Plaintiff shall be paid the amount due pursuant to the distribution of the proceeds of the sale.

6. The Clerk of Court is directed to deliver a true copy of this order to the United States Marshal.

7. The court shall retain jurisdiction over this matter for the purpose of granting such orders and decrees as the circumstances may require.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania